1 | WRIGHT, FINLAY & ZAK, LLP
2 | Gwen H. Ribar, Esq., SBN 188024
  | James J. Ramos, Esq., SBN 252916
3 | Todd R. Whitehorn, Esq., SBN 289355
  | 4665 MacArthur Court, Suite 200
4 | Newport Beach, CA 92660
5 | Telephone: (949) 477-5050; Facsimile: (949) 608-9142

6 | Attorneys for Defendants, THE BANK OF NEW YORK MELLON AS
  | SUCCESSOR TRUSTEE TO JP MORGAN CHASE BANK, NATIONAL
7 | ASSOCIATION AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF
8 | STRUCTURED ASSET MORTGAGE PASS-THROUGH CERTIFICATE
  | SERIES 2005-10; NATIONAL DEFAULT SERVICING; and MORTGAGE
9 | ELECTRONIC REGISTRATION SYSTEMS INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ELIJAH FLORES, an individual, and JOE FLORES, an individual, | ) Case No. 1:14-cv-00047-LJO-GSA |
| | ) *Assigned to the Honorable Judge Lawrence J. O'Neill* |
| Plaintiffs, | ) |
| vs. | ) **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OF DEFENDANTS THE BANK OF NEW YORK MELLON AS SUCCESSOR TRUSTEE TO JP MORGAN CHASE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF STRUCTURED ASSET MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-10; NATIONAL DEFAULT SERVICING; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.** |
| EMC MORTGAGE COMPANY, NOW KNOWN AS EMC MORTGAGE, LLC; CALIFORNIA WESTERN RECONVEYANCE CORPORATION; THE BANK OF NEW YORK MELLON f.k.a., THE BANK OF NEW YORK MELLON AS SUCCESSOR TRUSTEE TO JP MORGAN CHASE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF STRUCTURED ASSET MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-10; JP MORGAN CHASE BANK, N.A.; NATIONAL DEFAULT SERVICING CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., CHRISTINA THROWBRIDGE, AN INDIVIDUAL; WHITNEY K. COOK, AN INDIVIDUAL; and DOES 1 through 50 | ) |
| | ) Date:    February 20,  2014 |
| | ) Time:    8:30 a.m. |
| | ) Ctrm.:    4 |

1

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1  INCLUSIVE,                        )
2                                    ) *[Concurrently filed with Request for*
                Defendants.          ) *Judicial Notice and Proposed Order]*
3  _____   )

4  **TO THIS HONORABLE COURT AND TO ALL PARTIES AND**
5  **THEIR ATTORNEYS OF RECORD:**

6       **PLEASE TAKE NOTICE** that on February 20, 2014 at 8:30 a.m. in
7  Courtroom 4, 7th Floor of the above-entitled Court, located at 2500 Tulare Street,
8  Seventh Floor, Fresno, California, 93721, Defendants THE BANK OF NEW
9  YORK MELLON AS SUCCESSOR TRUSTEE TO JP MORGAN CHASE
10  BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE CERTIFICATE
11  HOLDERS OF STRUCTURED ASSET MORTGAGE PASS-THROUGH
12  CERTIFICATE SERIES 2005-10 (the "Trust") and MORTGAGE ELECTRONIC
13  REGISTRATION SYSTEMS INC. ("MERS")   (collectively referred to as
14  "Defendants") will move this Court for an Order dismissing the Complaint of
15  Plaintiffs VINCENT ELIJAH FLORES and JOE FLORES (collectively referred to
16  as "Plaintiffs") pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6), for
17  the failure to state a claim upon which relief can be granted.  This motion is made
18  on the grounds that Plaintiff has failed to plead the essential facts which give rise
19  to his claims and/or the claims are barred on their face, as confirmed by matters
20  which may properly be judicially noticed by this Court.
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1   This Motion will be based upon this Notice, the attached memorandum of

2   points and authorities, the complete files and records in this action, the oral

3   argument of counsel and upon such other and further evidence as this Court might

4   deem proper.

5                                       Respectfully submitted,

6                                       WRIGHT, FINLAY & ZAK, LLP

7   Dated: January 15, 2014        By:    /s/ Todd R. Whitehorn
8                                       Jonathan M. Zak, Esq.
                                        James J. Ramos, Esq.
9                                       Todd R. Whitehorn, Esq.
10                                      Attorneys for Defendants,
                                        THE BANK OF NEW YORK MELLON
11                                      AS SUCCESSOR TRUSTEE TO JP
12                                      MORGAN CHASE BANK, NATIONAL
                                        ASSOCIATION AS TRUSTEE FOR THE
13                                      CERTIFICATE HOLDERS OF
14                                      STRUCTURED ASSET MORTGAGE
                                        PASS-THROUGH CERTIFICATE SERIES
15                                      2005-10; NATIONAL DEFAULT
16                                      SERVICING; AND MORTGAGE
                                        ELECTRONIC REGISTRATION
17                                      SYSTEMS INC.
18

19

20

21

22

23

24

25

26

27

28

3

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

1
2
3                                                                    **Page No.**

I.      INTRODUCTION ..................................................................................1

II.     STATEMENT OF FACTS........................................................................1

III.    LEGAL STANDARD ............................................................................2

IV.     ARGUMENT..........................................................................................3

    A.   Plaintiffs' Entire Complaint Fails as a Matter of Law....................3

       1.   Plaintiffs Lack Standing to Challenge the Securitization...........3

       2.   Plaintiffs Failed to Allege Prejudice ...........................................4

       3.   Plaintiffs Lack Standing to Bring Claims Under the Consent .....
          Judgment ....................................................................................5

       4.   Plaintiffs Have Not Made a Credible and Viable Tender...........6

       5.   Plaintiff Cannot Simply Plead Speculation or Conjecture .........7

    B.   The Entire Complaint Should be Dismissed as to Defendant NDSC
      Because the Acts Alleged Against Moving Defendant are
      Privileged ......................................................................................8

    C.   The First Cause of Action for Declaratory Relief Lacks Sufficient
      Facts ...............................................................................................9

       1.   The Declaratory Relief Claim Fails Because All Other Claims
          are Defective ..............................................................................9

       2.   Possession of the Original Note is Not a Prerequisite to
          Foreclosure.................................................................................9

    D.   The Second Cause of Action for Negligence Lacks Sufficient
      Facts .............................................................................................10

       1.   Defendants Owed No Duty to Plaintiffs....................................10

       2.   Plaintiffs Fail to Show Any Causation ......................................11

E.   The Fourth Cause of Action for Violation of RESPA Lacks Sufficient

Facts ...............................................................................................11

　　1.  Plaintiffs Did Not Send the Alleged QWR Letter to the Servicer

　　　of the Loan ..............................................................................12

　　2.  Plaintiffs' Letter was Not a Qualified Written Request............12

F.   The Fifth Cause of Action for Violation of 15 U.S.C. §1692, et seq.

Lacks Sufficient Facts .....................................................................13

　　1.  The FDCPA Does Not Apply to the Instant Case ...................13

　　2.  Plaintiffs Cannot Base Their Claims on the Consent

　　　Judgment .................................................................................14

G.   The Sixth Cause of Action for Violation of Business and

Professions Code § 17200, et seq. Lacks Sufficient Facts.............14

　　1.  Plaintiffs Fail to Allege this Claim with Required Degree or .....

　　　Specificity ...............................................................................15

　　2.  No Injury in Fact .....................................................................15

H.   The Seventh Cause of Action for Accounting Lacks Sufficient

Facts ...............................................................................................16

　　1.  No Fiduciary Duty Owed to Plaintiff .......................................16

　　2.  No Balance Owed To Plaintiff..................................................17

I.   The Eight Cause of Action for Wrongful and Fraudulent

Foreclosure Fail as a Matter of Law ...............................................17

　　1.  No Facts Rebutting the Presumption of a Valid Foreclosure ...17

　　2.  Plaintiffs are Barred from Bringing this Claim for Failure to .....

　　　Tender .....................................................................................17

　　3.  Plaintiffs Lack Standing to Challenge the Securitization of the ..

　　　Loan.........................................................................................17

J.   The Tenth Cause of Action for Quiet Title Lacks Sufficient

Facts ...............................................................................................18

1. Plaintiff is Not an Adverse Claimant .........................................18

2. Failure to Discharge the Debt ...................................................18

K.  The Eleventh Cause of Action for Slander of Title Lacks Sufficient

Facts ......................................................................................18

1. The Alleged Acts of Defendants Are Privileged ......................19

2. Plaintiffs Claim Fails Because it is Based on Plaintiffs' ............

Unsupported Legal Conclusions ...............................................19

L.  Plaintiffs Lacks Standing to Bring the Twelfth Cause of Action for

Breach of Contract .................................................................20

M.  The Fourteenth Cause of Action for Intentional and Negligent

Infliction of Emotional Distress Lacks Sufficient Facts ...............20

1. Plaintiffs Have Not Alleged Any Defendants Committed Any ..

"Outrageous Conduct" ............................................................20

2. Plaintiffs Fail to Allege Recoverable Damages ........................21

V.  CONCLUSION ......................................................................22

1

## TABLE OF AUTHORITIES

2
Page No.

3
**Cases**

4
*Abdallah v. United Sav. Bank*

5
    43 Cal. App. 4th 1101, 1109 (1996)................................................................7

6
*Aguilar v. Bocci*

7
    (1974) 39 Cal.App.3d 475, 477-478 .........................................................18

8
*Aiken v. City of Memphis*

9
    37 F.3d 1155, 1168 (6th Cir. 1994).............................................................6

10
*Alicea v. GE Money Bank*, No. 09-0091

11
    2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009).................................6

12
*Arnolds Mgmt. Corp. v. Eischen*

13
    158 Cal. App. 3d 575, 579 (1985)................................................................7

14
*Balisteri v. Pacifica Police Dept.*

15
    (9th Cir. 1988) 855 f.2D 1421, 1424 ..........................................................2

16
*Balisteri v. Pacifica Police Dept.*

17
    901 F.2d 696, 699 (9th Cir. 1990)................................................................2

18
*Bascos v. Federal Home Loan Mortg. Corp.*

19
    2011 WL 3157063, *6 (C.D. Cal. Jul. 22, 2011) ......................................3

20
*Bell Atlantic Corp. v. Twombly*

21
    550 U.S. 544, 555 (2007) ..............................................................................7

22
*Blue Chip Stamps v. Manor Drug Stores*

23
    421 U.S. 723, 750 (1975) ..............................................................................6

24
*Burns v. Hiatt*

25
    (1906) 149 Cal. 617, 621..............................................................................18

26
*Butler Rupp v. Lourdeaux*

27
    137 Cal. App. 4th 1220, 1229 (2005).......................................................21

28

*Christensen v. Superior Court*

   54 Cal.3d 868, 903 (1991)............................................................20

*Cisneros v. Instant Capital Funding Group*

   263 F.R.D. 595, 609-610 (E.D. Cal. 2009) .............................................8

*Civic W. Corp. v. Zilla Indus. Inc.*

   (1977) 135 Cal.Rptr. 915, 923 .......................................................16

*Copesky v. Superior Court*

   (1991) 229 Cal.App.3d 678, 694 .....................................................10

*Dack v. Shanman*

   (S.D.N.Y 1964) 227 F. Supp. 26, 30 ...................................................2

*Daro v. Superior Court*

   (2007) 151 Cal.App.4th 1079, 1099 ..................................................15

*Das v. Bank of America, N.A.*

   (2010) 186 Cal.App.4th 727, 740 ....................................................10

*Davidson v. City of Westminster*

   32 Cal.3d 197, 209 (1982)...........................................................20

*Davis v. Ford Motor Credit Co.*

   (2009) 179 Cal.App.4th 581, 597-598 ................................................15

*Durell v. Sharp Healthcare*

   183 Cal.App.4th 1350, 1367 (2010)....................................................5

*E.g., Beckett v. Air Line Pilots Ass'n*

   995 F.2d 280, 288 (D.C. Cir. 1993) ...................................................6

*Emery v. Visa International Service Association*

   (2002) 95 Cal.App.4th 952, 960...................................................14, 15

*Ferrari v. U.S. Bank, N.A.*

   No. 2009 WL 3353028, *5 (N.D. Cal. Oct. 16, 2009)....................................10

*Fontenot v. Wells Fargo Bank, N.A.*

   198 Cal.App.4th 256, 272 (2011).................................................4, 17

*Gayduchik v. Countrywide Home Loans, Inc.*
   No. 2:09-cv-03523, 2010 WL 1737109, at *4 ..................................................9

*Gen. of Am. Ins. Co., v. Lilly*
   258 Cal. App.2d 465, 470 (1968) ..................................................................9

*Guz v. Bechtel National, Inc.*
   24 Cal.4th 317, 349–350 (2000) ..................................................................5

*Hagberg v. California Federal Bank FSB*
   32 Cal.4th 350, 361 (2004) ..........................................................................8

*Hulse v. Ocwen Fed. Bank*
   (2002) 195 F. Supp. 2d 1188, 1204 ............................................................14

*Hydrick v. Hunter*
   500 F.3d 978, 985 (9th Cir. 2007) ..............................................................8

*I.E. Associates v. Safeco Title Ins. Co.*
   39 Cal.3d 281, 285 (1985) ..........................................................................4

*In re Tobacco II Cases*
   (2009) 46 Cal.4th 298, 326 ........................................................................15

*Jenkins v. JPMorgan Chase Bank, N.A.*
   216 Cal.App.4th 497, 514-515 (2013) ....................................................3, 4

*Jozinovich v. JP Morgan Chase Bank, N.A.*
   Slip Copy 2010 WL 234895, N.D. Cal., 2010 ..........................................18

*Jurewitz v. Bank of America*
   938 F.Supp.2d 994 998, (S.D.Cal.2013) ....................................................5

*Kachlon v. Markotwitz*
   168 Cal.App. 4th 316, 333 (2009) ............................................................19

*Kachlon v. Markowitz*
   168 Cal.App.4th 316, 333 (2008) ..............................................................8

*Karlsen v. Am. Sav. & Loan Ass'n*
   15 Cal. App. 3d 112 (1971) ........................................................................7

*Khoury v. Maly's of California*
    14 Cal. App. 4th 612, 619, (1993)..............................................14, 15
*Lane v. Vitek*
    713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010)..........................3, 17
*Lewis v. Superior Court*
    (1994) 30 Cal.App.4th 1850, 1866.....................................18
*Manhattan Loft, LLC v. Mercury Liquors, Inc.*
    173 Cal.App. 4th 1040, 1051 (2009).................................19
*Maya v. Centex Corp.*
    658 F.3d 1060, 1067 (2011).................................................7
*McCarthy v. Mayo*
    (9th Cir. 1981) 643 F.2d 618, 624.....................................3
*Melendrez v. D&I Investment, Inc.*
    127 Cal.App. 4th 1238, 1257 (2005) .................................4
*Moeller v. Lien*
    25 Cal.App.4th 822, 830 (1994).........................................4
*Morequity v. Naeem*
    (N.D. Ill. 2000) 118 F. Supp. 2d 885 ..............................13
*Nymark v. Heart Fed. Savings & Loan Assn.,*
    1991) 231 Cal.App.3d 1089 1096 ....................................10
*Pagtalunan v. Reunion Mortgage Inc.*
    No. C-09-00162, 2009 WL 961995, *2 (N.D. Cal. Apr. 8, 2009)................10
*Pantoja v. Countrywide Home Loans*
    640 F. Supp. 2d 1177, 1183 (N.D. Cal. 2009) ...................7
*Parcray v. Shea Mortg. Inc.*
    2010 WL 1659369 (E.D. Cal., Apr. 23, 2010)...................4
*People v. Toomey*
    (1984) 157 Cal.App.3d 1, 15............................................14

*Peter W. v. San Francisco Unified School Dist.*
   60 Cal.App.3d 814, 820 (1976) .................................................................10

*Price v. Wells Fargo Bank*
   (1989) 213 Cal.App.3d 465, 476-478 ....................................10, 16, 20

*Putkkuri v. Recontrust Co.*
   No. 08cv1919, 2009 WL 32567 (S.D. Cal. Jan 5, 2009) ...................10

*Rehbein v. CitiMortgage, Inc.*
   937 F.Supp.2d 753, 762 (E.D.Va.2013)....................................................5

*Sanguinetti v.CitiMortgage, Inc.*
   2013 WL 4838765 at *4-5 (N.D.Cal.Sept. 11, 2013) ...........................11

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*
   983 F. Supp. 1303, 1316 (N.D. Cal. 1997) ......................................14, 15

*Siliga v. MERS*
   219 Cal.App.4[th] 75, 82 (2013)..................................................................4

*Southcott v. Pioneer Title Co.*
   (1962) 203 Cal.App.2d 673, 676.) .........................................................19

*Stewart v. Life Ins. Co. of North America*
   (2005) 388 F.Supp.2d 1138...................................................................14

*Stinson v. Home Insurance Co.*
   (N.D. CA 1988) 690 f. Supp. 882, 886 ....................................................2

*Swierkewicz v. Sorema, N.A.*
   534 U.S.506, 508, n. 1 (1989) ................................................................7

*Teselle v. McLoughlin*
   173 Cal.App.4th 156, 179 (2009).............................................................16

*U.S. Cold Storage of Cal. v. Great W. Sav. & Loan Ass'n*
   165 Cal. App. 3d 1214, 1222 (1985)......................................................6, 7

*United States v. FMC Corp.*
   531 F.3d 813, 821 (9th Cir. 2008)............................................................6

*United States v. Gaubert*
   499 U.S. 315, 324-325 (1991) ..................................................................8

*Verdier v. Superior Court*
   (1948) 88 Cal.App.2d 527, 530 ..............................................................16

*Western Mining Council v. Watt*
   (9th Cir. 1981) 643 F.2d 618, 624 ...........................................................3

*Wilson v. Hynek*
   207 Cal.App.4th 999 (2012) ...................................................................20

*Yu v. Signet Bank/Virginia*
   69 Cal.App.4th 1377, 1398 (1999) ..........................................................21

**Statutes**

12 U.S.C. §2605(e) .................................................................11, 12, 13

12 U.S.C. §2605(e)(1)(A) ...................................................................12

12 U.S.C. §2605(e)(2) ..................................................................11, 12

12 U.S.C. §2605(i)(3) .........................................................................13

15 U.S.C. §1692 ...........................................................................13, 14

Civil Code §47 ...................................................................................8, 9

Civil Code §2924 .........................................................4, 8, 9, 19

Civil Code §2924(d) ...........................................................................19

Civil Code §2924k ...............................................................................4

Civil Code §47(c)(1) ...........................................................................19

Code of Civil Procedure §760.010 et seq ...........................................18

**Other Authorities**

Moore's Federal Practice, (3d ed. 2006) Vol. 2, ¶ 12.34 [4][a], [b] ..........2

RESPA Section 6(i)(3) .........................................................................13

**Rules**

Federal Rules of Civil Prcocedure Rule 8 ...........................................2

1

**Regulations**

2

Regulation X Section 3500.21(e)(2)......................................................................13

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

x

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In the more than 80 pages and 14 Causes of Action in their Complaint, Plaintiffs simply rehash the same two flawed arguments in an attempt to prolong their mortgage-free occupancy of the subject property.  Plaintiffs first claim there were irregularities in the securitization of Plaintiffs' loan which invalidate the Trustee's Sale.  Plaintiffs then attempt to enforce a Consent Judgment in a case they were not even a party to. But, Plaintiffs lack standing to advance either theory since they are complete strangers to both the Pooling and Servicing Agreement and the Consent Order.  And even if Plaintiffs could somehow invoke the protection of either, the fact remains that Defendants' alleged breach did not result in any harm to Plaintiffs anyway.  Thus, neither of these arguments contain any merit.

For the reasons set forth herein in greater detail, Plaintiff's entire Complaint should be dismissed without leave to amend.

## II.    STATEMENT OF FACTS

On or about August 11, 2005, Vincent Elijah Flores ("Flores") obtained a loan for $208,000.00 from BSM Financial (the "Loan"). The Loan was secured by a Deed of Trust recorded against the subject property located at 2401 Pecan Way, Visalia, California 93277 ("the Property"). *See* Deed of Trust, attached to Defendant's Request for Judicial Notice filed concurrently herein ("RJN") as Exhibit "A".

The Deed of Trust was ultimately assigned to the Bank of New York as successor Trustee to JPMorgan Chase Bank, National Association as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc. Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates Series 2005-10 (the "BNYM Trust"), as evidenced by an Assignment of Deed of Trust recorded against the Property on May 19, 2010.  *See* Assignment of Deed of Trust, attached to the RJN as Exhibit "B".  Flores eventually defaulted on the Loan and on June 19,

1

2012, a Notice of Default was recorded against the Property. *See* Notice of Default, attached to the RJN as Exhibit "C".

On September 24, 2012, a Substitution of Trustee was recorded, naming National Default Servicing Corporation ("NDSC") as the new Trustee. *See* Substitution of Trustee attached to the RJN as Exhibit "D". Thereafter, on September 24, 2012, a Notice of Trustee's Sale was recorded against the Property. *See* Notice of Trustee's Sale, attached to the RJN as Exhibit "E". On October 17, 2012, a Trustee's Sale was held and the Property reverted back to the Trust. *See* Trustee's Deed Upon Sale, attached to the RJN as Exhibit "F".

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion is similar to the common law general demurrer, i.e., it tests the legal sufficiency of the claim or claims stated in the Complaint. The court must decide whether the facts alleged, if true, would entitle Plaintiff to some form of legal remedy. Dismissal is proper under Federal Rule 12(b)(6) where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th Cir. 1990). Further, according to Moore's Federal Practice, (3d ed. 2006) Vol. 2, ¶ 12.34 [4][a], [b]:

Dismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief....Dismissal under Rule 12(b)(6) may also be appropriate when a successful affirmative defense or other bar to relief appears on the face of the complaint. . . .

Additionally, although a plaintiff need only provide a 'short and plain statement of the claim,' [pursuant to FRCP Rule 8]... Where the claims in a complaint are insufficiently supported by factual allegation, the claims may be disposed of by summary dismissal. *Balisteri v. Pacifica Police Dept.* (9th Cir. 1988) 855 f.2D 1421, 1424; *Stinson v. Home Insurance Co.* (N.D. CA 1988) 690 f. Supp. 882, 886; *Dack v. Shanman,* (S.D.N.Y 1964) 227 F. Supp. 26, 30

2

1  (dismissing complaint where count was so sketch as to be unintelligible).

2  Although all well-pled facts in the complaint are deemed true in ruling on a motion

3  to dismiss, conclusory allegations are disregarded.  *McCarthy v. Mayo,* (9th Cir.

4  1981) 643 F.2d 618, 624.   A plaintiff cannot avoid this bar by clothing legal

5  conclusions in the guise of facts to take advantage of the liberality with which

6  courts otherwise view pleadings.  *Western Mining Council v. Watt,* (9th Cir. 1981)

7  643 F.2d 618, 624.

8          Examining the claims for relief in this action, it is readily apparent that each

9  falls far short of the pleading requirements to survive a Motion to Dismiss.

## IV.   ARGUMENT

### A.   Plaintiffs' Entire Complaint Fails as a Matter of Law.

1.  Plaintiffs Lack Standing to Challenge The Securitization

13          Plaintiffs' entire Complaint fails because they do not have standing to

14  challenge the securitization of the Loan.   The wealth of California authority has

15  held that a borrower has no standing to challenge the securitization of a loan for the

16  purposes of opposing a non-judicial foreclosure. *Jenkins v. JPMorgan Chase Bank,*

17  *N.A.,* 216 Cal.App.4[th] 497, 514-515 (2013) ("As an unrelated third party to the

18  alleged securitization, and any other subsequent transfers of the beneficial interest

19  under the promissory note, **Jenkins** lacks standing to enforce any agreements,

20  including the investment trust's pooling and servicing agreement, relating to such

21  transactions"); *Lane v. Vitek* 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010) (rejecting

22  the argument that beneficiaries lose their power of sale pursuant to the deed of trust

23  when the note is assigned to a trust pool); *see also, Bascos v. Federal Home Loan*

24  *Mortg. Corp.,* 2011 WL 3157063, *6 (C.D. Cal. Jul. 22, 2011) ("To the extent

25  Plaintiffs challenge the securitization of their loan because [Defendant] failed to

26  comply with the terms of their securitization agreement, Plaintiffs  have no

27  standing to challenge the validity of the securitization of the loan as he is not an

28  investor of the loan trust").

California *Civil Code* sections 2924 through 2924k "provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Moeller v. Lien,* 25 Cal.App.4th 822, 830 (1994). "These provisions cover every aspect of exercise of the power of sale contained in a deed of trust." *I.E. Associates v. Safeco Title Ins. Co.,* 39 Cal.3d 281, 285 (1985).  Where a borrower seeks to have the foreclosing beneficiary *additionally* demonstrate its authority to foreclose, amounts to an improper *preemptive suit* that clearly runs afoul of California's non-judicial foreclosure framework. *Siliga v. MERS,* 219 Cal.App.4th 75, 82 (2013).  As discussed in more detail above, securitization or *improper* securitization is not a proper factual basis for challenging the foreclosure. *Jenkins v. JPMorgan Chase Bank, N.A.* 216 Cal.App.4th 497 (2013). Consequently, all causes of action arising out of this defective theory fail, and Defendants' Motion of Dismiss those causes of action must be sustained without leave to amend.

2. Plaintiffs Failed to Allege Prejudice

Even if Plaintiffs can credibly point to irregularities in the foreclosure process, they must nevertheless allege facts showing substantial prejudice resulting from the alleged defects.  *Melendrez v. D&I Investment, Inc.*, 127 Cal.App. 4th 1238, 1257 (2005).  "Prejudice is not presumed from 'mere irregularities' in the process." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 272 (2011). In the Complaint, Plaintiffs inaccurately allege irregularities in the securitization process and thus, Defendants' standing to foreclose.  Plaintiffs do not allege any facts to show that they were injured **by any irregularity in the securitization**. Plaintiffs do not claim that they were unaware of their default, the party to contact to cure the default, or of the fact that the foreclosure sale was pending.  Quite simply, it was Plaintiffs' failure to cure the default that resulted in the pending sale, and not any purported wrongdoing of Defendants.  *Parcray v. Shea Mortg. Inc.,* 2010 WL 1659369 (E.D. Cal., Apr. 23, 2010) (A wrongful foreclosure action must

1  fail where the "plaintiff is unable to assert that no breach of performance
2  occurred.").

3      Furthermore, because Plaintiffs have failed to allege prejudice as a result of
4  the "improper securitization", their claims of breach of contract and breach of
5  fiduciary duty fail as well.  Damages are required in order for these two causes of
6  action to survive on the pleadings. *Durell v. Sharp Healthcare,* 183 Cal.App.4th
7  1350, 1367 (2010); *Guz v. Bechtel National, Inc.*, 24 Cal.4th 317, 349–350 (2000).
8  Thus, not only do all securitization-related causes of action fail, so do Plaintiffs'
9  causes of action for breach of contract and breach of covenant of good faith and
10  fair dealing.

11      3. Plaintiffs Lack Standing to Bring Claims Under The Consent Judgment.

12      The majority of Plaintiffs' claims are based on their contention that
13  Defendants' alleged conduct was in violation of the Consent Judgment between the
14  United States of America, 49 state attorneys general, and Bank of America, N.A.,
15  et al. (the "Consent Judgment"). *See* Complaint, generally.  However, Plaintiffs are
16  not a party to that agreement, nor are they third-party beneficiaries. Therefore,
17  Plaintiffs do not have standing to enforce the Consent Judgment.  Further, they
18  cannot sue for breach of contract, nor can they avoid that obstacle by bringing the
19  claim under section 17200 or other claims.

20      Borrowers are not third-party beneficiaries of this Consent Judgment. *See,*
21  *e.g.*, *Jurewitz v. Bank of America*, 938 F.Supp.2d 994 998, (S.D.Cal.2013);
22  *Rehbein v. CitiMortgage, Inc.*, 937 F.Supp.2d 753, 762 (E.D.Va.2013) (holding
23  that a borrower had "no right to bring third-party suits to enforce the Consent
24  Judgment" because the "language of the Consent Judgment indicates that the
25  parties to the agreement did not intend the individual borrowers to be able to sue to
26  protect the benefits the consent judgment confers.").

27      Further, the Supreme Court has stated that third parties have no right in
28  general to enforce consent orders such as the Consent Judgment. "[A] well-settled

line of authority from this Court establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it." *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975) (holding that non-parties to an antitrust consent decree could not sue to enforce it); *see Aiken v. City of Memphis*, 37 F.3d 1155, 1168 (6th Cir. 1994) (en banc) ("The plain language of *Blue Chip* indicates that even intended third-party beneficiaries of a consent decree lack standing to enforce its terms."). The *Blue Chip* rule remains strong in cases, such as this one, where the consent decree was obtained by the Government as the plaintiff. *E.g., Beckett v. Air Line Pilots Ass'n*, 995 F.2d 280, 288 (D.C. Cir. 1993) (noting that "the consent decree [in *Blue Chip*] resulted from a civil antitrust action brought by the Government. Only the Government can seek enforcement of its consent decrees . . . therefore, even if the Government intended its consent decree to benefit a third party, that party could not enforce it unless the decree so provided"); *United States v. FMC Corp.*, 531 F.3d 813, 821 (9th Cir. 2008).

Therefore, all of Plaintiffs' claims related to the Consent Judgment are barred as a matter of law.

### 4. Plaintiffs Have Not Made a Credible And Viable Tender.

Plaintiffs fail to credibly allege they can tender the amount due on the loan and therefore each lack standing to challenge the completed foreclosure. California Courts have held that, "[w]hen a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank*, No. 09-0091, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) (citing California law) (emph. added); *see also U.S. Cold Storage of Cal. v. Great W. Sav. & Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985) ("[T]he law is long-established that a trustor or his successor must tender the obligation in full as a prerequisite to challenge of the foreclosure

MOTION TO DISMISS

sale."); *Pantoja v. Countrywide Home Loans*, 640 F. Supp. 2d 1177, 1183 (N.D. Cal. 2009) ("Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a 'valid and viable tender [offer] of payment of the indebtedness.'") (*quoting Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112 (1971)).

The above requirement applies to "any cause of action for irregularity in the sale procedure." *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996). The rule also "applies to any causes of action implicitly integrated with the foreclosure process." *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 579 (1985)). "To hold otherwise would permit plaintiffs to state a cause of action without the necessary element of damage to themselves." Id. at 580.

The rationale behind the rule is sound. "It would be futile to set aside a foreclosure sale on [technical grounds], if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property. Thus, it is sensible to require that a trustor, whose default to begin with resulted in the foreclosure, give proof before the sale is set aside that he now can redeem the property." *Cold Storage*, 165 Cal. App. 3d at 1225 (emph. added).

Here, Plaintiffs seek to challenge the completed foreclosure but fail to allege a credible ability to tender. For this reason alone, each of Plaintiffs' claims fail as a matter of law, and the Motion to Dismiss should be granted with prejudice.

5. <u>Plaintiff Cannot Simply Plead Speculation or Conjecture.</u>

When ruling on a Motion to Dismiss, the Court "credit[s] factual assertions made in the pleadings, [but] is not required to credit legal conclusions." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (2011). "[T]he pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action…" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), citing *Swierkewicz v. Sorema, N.A.*, 534 U.S.506, 508, n. 1 (1989).

The bulk of Plaintiffs' Complaint stems from their speculative and conclusory allegations that the assignment to the Trust is void because it was "robo-signed". (Complaint, ¶ 102).  Plaintiffs also insist that the subject loan has been paid in full, though not by the borrowers.  Of course, these propositions represent nothing more than conclusions of law.  In the absence of any supporting facts, the Court is not required to credit Plaintiffs' mere legal conclusions. Accordingly, each and every one of Plaintiffs' claims should be dismissed.

**B.**   **The Entire Complaint Should be Dismissed as to Defendant NDSC Because The Acts Alleged Against Moving Defendant Are Privileged.**

Dismissal under Rule 12(b)(6) is appropriate where defendants have statutory or common law immunities. *Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007) (qualified immunity of government officials); *United States v. Gaubert*, 499 U.S. 315, 324-325 (1991) (Federal Tort Claims Act discretionary function exception). Here, dismissal of the entire Complaint is appropriate, as foreclosure trustees have statutory immunity from damages claims.

The only conduct attributed to Defendant NDSC is that it performed the customary activities as the foreclosure trustee including recording and serving the Notices of Default and Sale, conducting the sale, and issuing the Trustee's Deed. See Complaint, generally.  *Civil Code* §2924(d), specifically provides that the mailing, publication, and delivery of notices as required therein, and the performance of the procedures set forth in the Article, shall constitute privileged communications within *Civil Code* §47. This encompasses the entire foreclosure process, including the sale. *Hagberg v. California Federal Bank FSB*, 32 Cal.4th 350, 361 (2004).

Courts differ on their interpretation of whether the privilege extended to Trustees is absolute or qualified.  *Cisneros v. Instant Capital Funding Group*, 263 F.R.D. 595, 609-610 (E.D. Cal. 2009); *but see Kachlon v. Markowitz*, 168 Cal.App.4th 316, 333 (2008). However, even under the lower qualified immunity

1  standard Plaintiff is required to factually plead that the trustee acted with malice in
2  order to overcome the immunity protections of *Civil Code* §47. Id.  Here, Plaintiff
3  has not alleged any malice by Defendant NDSC. Therefore, Defendant NDSC's
4  actions are privileged under either standard and Plaintiff's Complaint should be
5  dismissed as to Defendant NDSC without leave to amend.

6  **C.   The First Cause of Action For Declaratory Relief Lacks Sufficient Facts.**

7      1. <u>The Declaratory Relief Claim Fails Because All Other Claims are Defective.</u>

8          Declaratory relief claims should be dismissed with prejudice where the
9  underlying claims are addressed by other causes of action even where, as here,
10 those underlying claims fail in their own right. *See, e.g., Gayduchik v. Countrywide*
11 *Home Loans, Inc.,* No. 2:09-cv-03523, 2010 WL 1737109, at *4 (E.D. Cal. Apr.
12 22, 2010) ("[D]eclaratory relief does not serve to 'furnish a litigant with a second
13 cause of action for the determination of identical issues.") (quoting *Gen. of Am.*
14 *Ins. Co., v. Lilly*, 258 Cal. App.2d 465, 470 (1968)).

15         Plaintiffs' claim for Declaratory Relief offers nothing beyond what is
16 alleged in favor of the underlying claims.  And, since said claims are defective,
17 Plaintiffs' gratuitous claim for Declaratory Relief fails.

18     2. <u>Possession of The Original Note is Not a Prerequisite to Foreclosure.</u>

19         The fact that Plaintiffs seek by way of a declaratory relief claim additional
20 relief not requested elsewhere in their Complaint (specifically, to have the Note
21 declared void, voidable, or cancelled) does not salvage this claim. (See Complaint,
22 ¶¶ 208-217).  Plaintiffs seek to void the Note based on the allegation that "none of
23 the defendants is the holder in due course of Note", but that is no grounds for
24 voiding the note under California law. Whether one is the holder in due course of
25 the note has no effect on the right to foreclose under California law. *See Cal. Civ.*
26 *Code* § 2924(a) (noting a trustee, mortgagee, beneficiary, or any authorized agent,
27 may initiate foreclosure); *Madrid*, 2009 WL 3255880 at *6 (dismissing with
28 prejudice declaratory-relief claim based on allegation that the defendant lacked

authority to foreclose because it did not possess the note); *Putkkuri v. Recontrust Co.*, No. 08cv1919, 2009 WL 32567 (S.D. Cal. Jan 5, 2009) (to same effect); *Pagtalunan v. Reunion Mortgage Inc.*, No. C-09-00162, 2009 WL 961995, *2 (N.D. Cal. Apr. 8, 2009) (dismissing declaratory relief claim because "California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust"); *see also Ferrari v. U.S. Bank, N.A.*, No. 2009 WL 3353028, *5 (N.D. Cal. Oct. 16, 2009) (dismissing cancellation claim brought on grounds that Defendants did not hold the original promissory note).

Thus, to the extent Plaintiffs' declaratory relief claims rests on the "possession of the note" speculation, such fails.

**D.   The Second Cause of Action For Negligence Lacks Sufficient Facts.**

The allegations required to assert a cause of action for negligence are: (1) facts showing a legal duty of care, (2) negligence constituting a breach of the duty, and (3) injury to the plaintiff as a proximate result of the breach. (*Peter W. v. San Francisco Unified School Dist.* (1976) 60 Cal.App.3d 814, 820.

1. Defendants Owed No Duty to Plaintiffs.

As a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. *Das v. Bank of America, N.A.* (2010) 186 Cal.App.4th 727, 740 *citing Nymark v. Heart Fed. Savings & Loan Assn.*(1991) 231 Cal.App.3d 1089 1096.) Further, the relationship between a lending institution and its borrower-client is not fiduciary in nature. *Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 476-478; see also, *Copesky v. Superior Court* (1991) 229 Cal.App.3d 678, 694.

Here, Plaintiffs assert that Defendants owed them a duty under the Consent Judgment entered in *U.S., et al. v. Bank of America, et al.* See Complaint, ¶ 220. However, not only is the "lack of duty" general rule, but California courts have specifically concluded that the Consent Judgment does not create a duty to

1  Plaintiffs which would give rise to a negligence cause of action. *Sanguinetti*

2  *v.CitiMortgage, Inc.*, 2013 WL 4838765 at *4-5 (N.D.Cal.Sept. 11, 2013) (finding

3  the Consent Judgment did not provide a basis for borrowers' negligence claim).

4       In the absence of any duty owed by Defendants to Plaintiffs, this claim fails.

5       2. <u>Plaintiffs Fail to Show Any Causation.</u>

6       Plaintiffs also fail to demonstrate any connection between Defendants'

7  alleged breach of duty and their purported damages.

8       Plaintiffs claim that Defendants alleged improper assignment caused

9  damages amounting to $251,288.15 and $100,000.00. Complaint, ¶ 223. However,

10 Plaintiffs fail to allege any causal link between the alleged conduct and the alleged

11 damages.   Rather, Plaintiffs merely rely on their conslusory statement that

12 Defendants breached the Consent Judgment which led to a loss in equity.

13 Complaint, ¶ 218-223. This statement alone does not establish the requisite causal

14 link for a claim of negligence. As such, this claim fails.

15      Therefore, the Court should sustain Defendants' Motion to Dismiss this

16 cause of action without leave to amend.

17 **E.    The Fourth Cause of Action For Violation of RESPA Lacks Sufficient**

18 **Facts.**

19      Plaintiff's fourth cause of action alleges that Defendant violated RESPA, 12

20 *U.S.C.* § 2605(e)(2) because Plaintiff's legal counsel sent a Qualified Written

21 Request ("QWR") to NDSC on October 13, 2012. Complaint, ¶233. Plaintiffs

22 further contend that on November 1, 2012, their legal counsel "corresponded with

23 Chase bank re[garding] a demand to rescind [the] foreclosure. . .." Complaint, ¶

24 241. According to Plaintiff, "neither NDSC, Chase, nor The Bank of Mellon

25 produced any document(s) or answered questions pursuant to QWR to prove up

26 the disputes at issue." Complaint, ¶242. Plaintiffs' claim fails for multiple

27 reasons.

28 ///

1. <u>Plaintiffs Did Not Send The Alleged QWR Letter to The Servicer of The Loan.</u>

Pursuant to RESPA, "if any *servicer* of a federally related mortgage loan receives a [QWR] from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days." 12 *U.S.C.* § 2605(e)(1)(A). Within 60 days of receipt of the QWR, the *servicer* must then address and respond to those inquiries made within the QWR. 12 *U.S.C.* § 2605(e)(2). The Dodd-Frank Act amended 12 U.S.C. § 2605(e) to shorten the respective timelines from "20 days" and "60 days" to "5 days" and "30 days".

Plaintiff claims that on October 13, 2013, his legal counsel sent a QWR via U.S. Mail **to NDSC**. Complaint, ¶ 233. Plaintiff goes on to claim that on October 17, 2012, Plaintiff's legal counsel contacted NDSC directly to discuss the status of Plaintiff's QWR. Complaint, ¶ 237. However, NDSC was the Trustee under the Deed of Trust and not the servicer of Plaintiff's loan. RJN, Exhibit "D". Therefore, NDSC was not required to respond to any QWRs, assuming Plaintiff's letter even amounted to a QWR. 12 *U.S.C.* § 2605(e)(1)(A). Indeed, Plaintiff's legal counsel did not contact Chase, the actual servicer of the loan, until November 1, 2012. Complaint, ¶ 241. But, at that time the Trustee's Sale had already been conducted and thus, Plaintiff's loan was already extinguished. RJN, Exhibit "F". Therefore, Chase was not the servicer of Plaintiff's loan on November 1, 2012 because there was no loan to service.

As such, Plaintiff's claim for violation of RESPA fails because, even according to Plaintiffs' own admissions, Plaintiff's loan servicer never received any QWR.

2. <u>Plaintiffs' Letter Was Not a Qualified Written Request.</u>

Notwithstanding the above, the letter sent by Plaintiff's counsel to NDSC did not even qualify as a QWR anyway.

MOTION TO DISMISS

In order to qualify as a QWR, the request for information sought must be related to the ***servicing*** of the mortgage loan. 12 *U.S.C.* § 2605(e)(1)(B)(i-ii) and Regulation X Section 3500.21(e)(2).    Under RESPA, "servicing" is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." Section 6(i)(3) of RESPA and 12 *U.S.C.* § 2605(i)(3).    Moreover, a Federal District Court held that borrowers did not tender a Qualified Written Request to the servicer when they submitted a letter to the servicer seeking information about the validity of the mortgage loan and mortgage loan documents. *See Morequity v. Naeem* (N.D. Ill. 2000) 118 F. Supp. 2d 885.    The Court stated that since the request did not relate to the servicing of the mortgage loan, it did not constitute a QWR under RESPA. Id.

Here, Plaintiffs claims do not even relate to loan servicing as defined in RESPA.    Rather, they relate to the identity of the holder of Plaintiff's loan and verifying the validity of the debt. Complaint, ¶ 235. Not the receipt of "scheduled periodic payments from [Plaintiff]" and/or "making the payments of principal and interest". 12 U.S.C. § 2605(i)(3).    Moreover, as demonstrated above, Plaintiffs' action, and thus his QWR, is predicated on erroneous and invalidated legal theories.    As a result, Plaintiff's alleged communication based on such defunct legal theories cannot be deemed a valid QWR.

Accordingly, Plaintiff's second count for violation of RESPA fails and should be dismissed <u>without</u> leave to amend.

**F.    The Fifth Cause of Action For Violation of 15 U.S.C. § 1692, et seq. Lacks Sufficient Facts.**

1.    <u>The FDCPA Does Not Apply to The Instant Case.</u>

It is well established that the act of foreclosing on a deed of trust is distinct from the collection of an obligation to pay money, and is therefore not covered by

the FDCPA.  *Hulse v. Ocwen Fed. Bank*, (2002), 195 F. Supp. 2d 1188, 1204. Specifically, the Court of Appeals in *Hulse v. Ocwen Fed. Bank* held that the "activity of foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Id.*  Thus, a foreclosure is not a debt collection or an enforcement of an obligation covered by the provisions of the debt collection laws because it is not an attempt to collect funds from a debtor.  Thus, insofar as Plaintiff looks to the foreclosure on the Deed of Trust as grounds for his claim, it fails.

    2. <u>Plaintiffs Cannot Base Their Claims on The Consent Judgment.</u>

As stated above, Plaintiffs do not have standing to bring any claims under the Consent Judgment.  Therefore, Plaintiffs cannot predicate their claim for violation of the FDCPA on Defendants' alleged breach of the Consent Judgment.

Accordingly, Plaintiffs' claim for violation of 15 U.S.C. § 1692 should be dismissed without leave to amend.

**G.**    <u>**The Sixth Cause of Action For Violation of Business And Professions Code § 17200, et seq. Lacks Sufficient Facts.**</u>

In order to allege a violation of the *Cal. Bus. & Prof. Code* §17200, a plaintiff must state with <u>reasonable particularity</u> the facts supporting the statutory elements of the violation. *Silicon Knights, Inc. v. Crystal Dynamics, Inc,* 983 F. Supp. 1303, 1316 (N.D. Cal. 1997) (quoting *Khoury v. Maly's of California,* 14 Cal.App.4th 612, 619, (1993)).  A plaintiff must show either an (1) unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive, untrue, or misleading advertising.  *Stewart v. Life Ins. Co. of North America* (2005) 388 F.Supp.2d 1138.  Moreover, an "unfair practices claim under section 17200 cannot be predicated on vicarious liability." *Emery v. Visa International Service Association*, (2002) 95 Cal.App.4th 952, 960, quoting *People v. Toomey*, (1984) 157 Cal.App.3d 1, 15.  Rather, "[a] defendant's liability must be based on his personal "participation in the unlawful practices" and "unbridled control" over the

practices that are found to violate section 17200…" *Emery v. Visa International Service Association*, (2002) 95 Cal.App.4th 952, 960, quoting *People v. Toomey*, (1984) 157 Cal.App.3d 1, 15.

1. <u>Plaintiffs Fail to Allege This Claim With Required Degree of Specificity.</u>

In order to allege a violation of the *Cal. Bus. & Prof. Code* §17200, a plaintiff must state with <u>reasonable particularity</u> the facts supporting the statutory elements of the violation. *Silicon Knights, Inc. v. Crystal Dynamics, Inc,* 983 F. Supp. 1303, 1316 (N.D. Cal. 1997) (quoting *Khoury v. Maly's of California,* 14 Cal. App. 4th 612, 619, (1993)).

Here, Plaintiff fails to specify which wrongful acts were allegedly committed by which defendant. *See* Complaint, ¶¶ 250-263. Instead, Plaintiff groups Defendants together when alleging their supposed misconduct. Further, Plaintiffs stop short of alleging any worthwhile facts to support such convenient conclusions. Plaintiffs' willingness to simply list their own conclusions is not enough to state a typical claim, much less one that requires reasonable particularity. As such, this Cause of Action fails.

2. <u>No Injury in Fact.</u>

Irrespective of whether a plaintiff alleges a claim under the unfair, unlawful, or fraudulent prong of *Cal. Bus. & Prof. Code* §17200, he must at least state facts showing that the purported unfair/unlawful/fraudulent conduct actually caused him an injury in fact. See *Daro v. Superior Court*, (2007) 151 Cal.App.4th 1079, 1099, holding that "[w]hen a UCL action is based on an unlawful business practice…, there must be a causal connection between the harm suffered and the unlawful business activity."; *In re Tobacco II Cases*, (2009) 46 Cal.4th 298, 326, holding that a plaintiff alleging a UCL claim under the fraud prong must allege facts showing that the "defendant's misrepresentation or nondisclosure was 'an immediate cause' of the plaintiff's injury producing conduct."; *Davis v. Ford Motor Credit Co.*, (2009) 179 Cal.App.4th 581, 597-598, holding that a plaintiff alleging a claim

MOTION TO DISMISS

under the unfairness prong of the UCL must allege facts showing that he suffered an injury in fact that he could not have reasonably avoided.

There are no facts in the Complaint to suggest that Plaintiffs actually suffered harm as a result of Defendants' alleged wrongful conduct.   In fact, Plaintiffs struggle to illustrate the harm suffered, instead relying on the self-serving statement that "[t]he foregoing acts and practices have caused substantial harm to California consumers, including Plaintiff." Complaint, ¶ 260.   Without more, Plaintiffs' conclusions of law are not enough to state a Cause of Action.

**H.   The Seventh Cause of Action For Accounting Lacks Sufficient Facts.**

"An action for an accounting ... is a proceeding in equity for the purpose of obtaining a judicial settlement of the accounts of the parties in which proceeding the court will adjudicate the amount due, administer full relief and render complete justice." *Verdier v. Superior Court,* 88 Cal.App.2d 527, 530 (1948).   "An accounting cause of action is equitable in nature, and may be sought 'where ... the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable.'" *Civic W. Corp. v. Zilla Indus. Inc.,* 135 Cal.Rptr. 915, 923 (1977). "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Teselle v. McLoughlin,* 173 Cal.App.4th 156, 179 (2009).

1. No Fiduciary Duty Owed to Plaintiff.

A claim for accounting requires facts showing a fiduciary relationship between/among the parties. *Civic W. Corp., supra.*   In the absence of such a relationship, this claim fails.

Typically, a lender does not owe a fiduciary duty even to the borrower. *Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 476; 261 Cal.Rptr. 735. As explained above, Plaintiffs have not alleged any facts as to a fiduciary duty with any of Defendants regarding their claims.   As such, this claim should be dismissed.

2. No Balance Owed To Plaintiff.

Plaintiffs have failed to show any balance owed by Defendants to Plaintiffs. In fact, the available facts suggest it is Plaintiffs that owe a balance to Defendants under the Deed of Trust.   In light of this fact, Plaintiffs' Cause of Action for Accounting must fail.

## I.    The Eighth Cause of Action For Wrongful And Fraudulent Foreclosure Fail as a Matter of Law.

1. No Facts Rebutting The Presumption of a Valid Foreclosure.

"[A] nonjudicial foreclosure sale is presumed to have been conducted regularly, and the burden of proof rests with the party attempting to rebut this presumption. [Citations.]" *Fontenot v. Wells Fargo Bank, N.A.,* 198 Cal.App.4th 256, 270 (2011).   Here, Plaintiffs have offered nothing more than their own conclusions of law to claim that the foreclosure was invalid.   As such, Plaintiffs have fallen well short of their burden to rebut the presumption of a valid foreclosure.  With that, this claim fails.

2. Plaintiffs Are Barred From Bringing This Claim For Failure to Tender.

As stated above in greater detail, California courts require a borrower to make a valid tender in order to bring a wrongful foreclosure cause of action. *Alicea v. GE Money Bank, supra.*  Here, Plaintiffs have failed to make a valid tender and are therefore, barred from bringing this cause of action.

As such, this claim fails as a matter of law.

3. Plaintiffs Lack Standing to Challenge The Securitization of The Loan.

As discussed in greater detail above, the idea that foreclosure is prohibited because a loan is "assigned to a trust pool has been rejected by numerous district courts." *Lane v. Vitek Real Estate Industries Group*, 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010).

Plaintiffs lack standing to challenge the securitization process because they have not and cannot allege that they are an investor of the loan trust. *See*

17

1   Complaint generally.   Accordingly, dismissal of Plaintiffs' wrongful foreclosure
2   claim against defendant Defendants is appropriate.

3   **J.    The Tenth Cause of Action For Quiet Title Lacks Sufficient Facts.**

4        A quiet title action is maintained to establish or quiet title to or an interest in
5   real property as between adverse claimants. *C.C.P.* §760.010 et seq.

6        1.  Plaintiff is Not an Adverse Claimant.

7        Plaintiffs' cause of action for quiet title fails as a matter of law because
8   California does not recognize a challenge to the title by an owner of a merely
9   equitable interest in the property. *See, Lewis v. Superior Court,* 30 Cal.App.4th
10  1850, 1866 (1994) (stating that the holder of equitable title cannot maintain a quiet
11  title action against the legal owner).    Because the trustee's deed at issue
12  demonstrates that the legal title to the Property does not belong to Plaintiffs (RJN,
13  Exhibit "F"), any interest that Plaintiff may have in the Property is, at best,
14  equitable.  This interest, if any, is inadequate to support Plaintiff's cause of action.
15       Accordingly, Plaintiffs' claim fails.

16       2.  Failure to Discharge The Debt.

17       It has long been held that the only way for a mortgagor in possession to quiet
18  his title against the mortgagee is to pay it. *Burns v. Hiatt*, (1906) 149 Cal. 617,
19  621.   To allow otherwise would go "against general equitable principles and
20  adjudicated cases."  Thus, "the cloud upon [one's] title persists until the debt is
21  paid." *Aguilar v. Bocci,* (1974) 39 Cal.App.3d 475, 477-478; See also *Jozinovich
22  v. JP Morgan Chase Bank, N.A.*, Slip Copy 2010 WL 234895, N.D. Cal., 2010.
23  Here, there are no facts to suggest that Plaintiffs discharged the Note's debt. (See
24  Plaintiff's Complaint, in general).  As such, their claim for Quiet Title fails, as a
25  matter of law.

26  **K.    The Eleventh Cause of Action For Slander of Title Lacks Sufficient
27        Facts.**

28       To state a claim for slander of title, Plaintiffs must establish the following

18

MOTION TO DISMISS

elements: "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal.App. 4th 1040, 1051 (2009).

### 1. The Alleged Acts of Defendants Are Privileged.

The only wrongful acts alleged in Plaintiffs' claim for Slander of Title is the recording of a Notice of Default, Notice of Trustee's Sale, and Trustee's Deed Upon Sale. Complaint, ¶¶ 307-309.   California *Civil Code* section 2924(d) provides that the mailing, publication, and delivery of a notice of default or a notice of trustee's sale is privileged pursuant to section 47(c)(1). Cal. Civ. Code § 2924(d); *see Kachlon v. Markotwitz,* 168 Cal.App. 4th 316, 333 (2009) ("We hold that section 2924 deems the statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures, to be privileged communications under the qualified common-interest privilege of section 47, subdivision (c)(1).").

Therefore, Defendants' acts of recording the aforementioned notices is privileged under California law.

### 2. Plaintiffs Claim Fails Because it is Based on Plaintiffs' Unsupported Legal Conclusions.

Plaintiffs' claim for Slander of Title is based on the Plaintiffs' allegation that the BNYM Trust does not own Plaintiffs' Loan. *See* Complaint, ¶¶ 306-314. However, as explained above, Plaintiffs do not have standing to bring this assertion, and are barred from bringing these claims for failure to tender.  Further, Plaintiffs' assertions are merely self-serving legal conclusions that this Court is free to disregard.

Accordingly, Plaintiffs' claim fails.

/ / /

/ / /

MOTION TO DISMISS

**L.**   **Plaintiffs Lack Standing to Bring the Twelfth Cause of Action For Breach of Contract.**

In Plaintiffs' Twelfth Cause of Action for Breach of Contract, they attempt to enforce the Consent Judgment entered in *United States of America, et al. v. Bank of America Corp., et al.*   However, as explained above, Plaintiffs do not have standing to enforce the Consent Judgment. *Rehbein, supra.*

Therefore, Plaintiffs' claim for Breach of Contract should be dismissed without leave to amend.

**M.**   **The Fourteenth Cause of Action For Intentional And Negligent Infliction of Emotional Distress Lacks Sufficient Facts.**

To establish a claim for intentional infliction of emotional distress ("IIED"), Plaintiff must allege "(1) extreme and outrageous conduct by the Defendants with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the Defendants' outrageous conduct." *Christensen v. Superior Court,* 54 Cal.3d 868, 903 (1991).   Extreme and outrageous conduct is defined as a conduct that so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Davidson v. City of Westminster,* 32 Cal.3d 197, 209 (1982).

1. Plaintiffs Have Not Alleged Any Defendants Committed Any "Outrageous Conduct".

A plaintiff must allege that a defendant engaged in conduct which can be considered "outrageous." *Wilson v. Hynek,* 207 Cal.App.4th 999 (2012).

Here, Plaintiffs' claim of IIED is predicated on Defendants' acts with regards to collecting the debt Vincent Flores owed on his loan. Complaint, ¶¶ 339-347.   However, collection of amounts due under a loan is simply not considered "outrageous" conduct. *Price v. Wells Fargo Bank,* 213 Cal.App.3d 465, 486 (1989); *see e.g., Wilson v. Hynek, supra* (In a "creditor/debtor situation, whereby

1   the defendants were exercising their rights under the loan agreements," absent

2   allegations that "defendants threatened, insulted, abused or humiliated the

3   [plaintiffs]," a cause of action for IIED cannot stand, as defendants have engaged

4   in **no** "outrageous" conduct).)  Further, an assertion of legal rights in pursuit of

5   one's own economic interests does not qualify as "outrageous conduct" under the

6   standard required for an intentional infliction of emotional distress claim. *Yu v.*

7   *Signet Bank/Virginia,* 69 Cal.App.4th 1377, 1398 (1999).

8       Therefore, Plaintiffs have failed to establish any outrageous conduct on the

9   part of Defendants.

10      2.  Plaintiffs Fail to Allege Recoverable Damages.

11      Emotional distress damages are not recoverable where the emotional distress

12  arises solely from property damage or economic injury to the plaintiff. *Butler Rupp*

13  *v. Lourdeaux,* 137 Cal. App. 4th 1220, 1229 (2005).  Here, Plaintiff's damages, if

14  any, arise solely from Plaintiff's alleged economic injury.  Thus, Plaintiff is, as a

15  matter of law, not entitled to recover damages resulting from his purported

16  emotional distress.

17      As such, this claim should be dismissed.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

MOTION TO DISMISS

# V.   CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court sustain this Motion to Dismiss the Complaint in its entirety, without leave to amend.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: January 15, 2014          By:     _/s/ Todd R. Whitehorn_

Jonathan M. Zak, Esq.
James J. Ramos, Esq.
Todd R. Whitehorn, Esq.
Attorneys for Defendants,
THE BANK OF NEW YORK MELLON
AS SUCCESSOR TRUSTEE TO JP
MORGAN CHASE BANK, NATIONAL
ASSOCIATION AS TRUSTEE FOR THE
CERTIFICATE HOLDERS OF
STRUCTURED ASSET MORTGAGE
PASS-THROUGH CERTIFICATE SERIES
2005-10; NATIONAL DEFAULT
SERVICING; AND MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS INC.

22

MOTION TO DISMISS

**PROOF OF SERVICE**

I, Steven E. Bennett, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On January 15, 2014, I served the within **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OF DEFENDANTS THE BANK OF NEW YORK MELLON AS SUCCESSOR TRUSTEE TO JP MORGAN CHASE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF STRUCTURED ASSET MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-10; NATIONAL DEFAULT SERVICING; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s)   addressed as follows:

> Henry D. Nunez
> Law Office of Henry D. Nunez
> 4478 West Spaatz Avenue
> Fresno, CA 93722
> Tel.: (559) 437-9200
> Fax: (559) 437-3927
> Email: hdnunezlaw@yahoo.com
> **Attorneys for PLAINTIFFS, Vincent Elijah Flores and Joe Flores**

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY CERTIFIED MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices, via Certified Mail, Return Receipt Requested.

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[ ]   (BY NORCO OVERNIGHT - NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Norco Overnight with the delivery fees provided for.

[ ]   (STATE) I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

1

**PROOF OF SERVICE**

1

[X]    (FEDERAL) I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct.

2

Executed on January 15, 2014, at Newport Beach, California.

3

4

5

Steven E. Bennett

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**PROOF OF SERVICE**